CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 22 2011

JULIA C. _____, CLERK
BY:
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **BARRY LYNN VIA, #1025521** | ) | **CIVIL ACTION NO. 7:11CV0050** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| vs. | ) | |
| | ) | |
| **B.G. WILHELM, ET AL.,** | ) | By: Samuel G. Wilson |
| | ) | United States District Judge |
| Defendants. | ) | |

Plaintiff Barry Lynn Via brings this action pursuant to 42 U.S.C. § 1983. Via alleges in his Complaint that defendants, individuals at the Virginia Department of Corrections ("VDOC"), the Red Onion State Prison ("ROSP") and the Augusta Correctional Center, violated his constitutional rights by falsely charging him with the disciplinary offense of inciting to riot or rioting and by failing to provide him with halal meat as part of his diet. The case is currently before the court on Via's dual motions for preliminary injunctions ordering (1) that ROSP Warden Tracy S. Ray keep correctional officers Large and Lawson separated from the plaintiff and that the VDOC transfer the plaintiff out of ROSP (Dkt. No. 12); and (2) that employees at ROSP provide him with legal copies, notary services and unobstructed access to the law library (Dkt. No. 22). Upon review of the record, the court denies both of Via's motions requesting interlocutory injunctive relief.[1]

A district court should award preliminary injunctive relief sparingly and only when the party seeking relief has demonstrated actual, imminent, irreparable harm, as well as a likelihood of success on the merits. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 360 (4th Cir.

---

[1] Plaintiff is reminded that this pertains only to his motions for injunctive relief and that plaintiff still has an opportunity to submit arguments to the court in response to defendants' motion for summary judgment regarding his claims in the underlying complaint.

1991); Manning v. Hunt, 119 F.3d 254, 263 (4th Cir. 1997); Direx Israel, Ltd. v. Breakthrough Medical Group, 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). A preliminary injunction temporarily affords an extraordinary remedy prior to trial that can be granted permanently after trial, and the party seeking the preliminary injunction must demonstrate: (1) by a "clear showing," that he is likely to succeed on the merits at trial; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7 (2008). [2] The plaintiff must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." Direx Israel, Ltd., 952 F.2d at 812. Without a showing that plaintiff will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. Rum Creek Coal Sales, Inc., 926 F.2d at 360.

1. Motion # 1

In his first motion for a preliminary injunction, Via claims that ROSP correctional officers Large and Lawson have harassed, assaulted and verbally abused him. Via states that the abuse will continue until he drops the lawsuit he filed against Warden Ray and he requests that the VDOC transfer him to a different prison. Via attached documents to his motion showing that he submitted an emergency grievance claiming Large and Lawson assaulted him on March 21, 2011. While Via makes vague and conclusory allegations that "he has been informed he will continue to be abused until he drops the case against Warden Tracy S. Ray" and "plaintiff fears

---

[2] The court notes that the Fourth Circuit's previously-established balance-of-hardships test set out in Blackwelder Furniture Co. of Statesville v. Seilig Manufacturing Co., 550 F.2d 189 (4th Cir. 1977), is no longer applicable. Real Truth About Obama, Inc. v. FEC, 575 F.3d 342 (4th Cir. 2009) vacated by, remanded by, cert. granted, 130 S. Ct. 2371, 176 L. Ed. 2d 764 (2010), reaffirmed in part, remanded by, 607 F.3d 355 (4th Cir. 2010) ("Because of its differences with the Winter test, the Blackwelder balance-of-hardship test may no longer be applied in granting or denying preliminary injunctions in the Fourth Circuit . . . .")

2

for his life" he sets forth only a single episode of alleged abuse, which occurred on March 21, 2011. (Dkt. 12, pp 2-3.)

The court directed defendants to respond to Via's motion and they have done so. Warden Ray states in an affidavit that he does not tolerate staff harassment, assault, verbal abuse or retaliation against inmates and that ROSP staff pose no danger to Via. (Dkt. 23-1, pp. 2-3.) According to Warden Ray, on March 21, 2011 Via failed to follow orders by officers Large and Lawson related to removing his handcuffs, which resulted in a disciplinary charge against Via. Warden Ray further notes that officers Large and Lawson's normal assignments do not include Via's pod and that these officers do not typically have any contact with Via. (Dkt. 23-1, p. 2.)

Via fails to establish that he is in actual and imminent danger of harm if the court does not issue an interlocutory injunction. He alleges only a single, past episode of abuse and does not set forth any specific instances of continued abuse or harassment. Via merely speculates to possible future harassment. Moreover, Warden Ray states that officers Large and Lawson are not assigned to Via's pod and do not typically have any contact with him. Because Via has not alleged facts showing he faces actual, imminent, irreparable harm, he cannot satisfy all four prongs of the Winter test and he is not entitled to a preliminary injunction. Accordingly, the court will deny Via's motion for preliminary injunction ordering that ROSP Warden Tracy S. Ray keep correctional officers Large and Lawson separated from the plaintiff and that the VDOC transfer the plaintiff out of ROSP.

2. Motion # 2

Via also filed a second motion for a preliminary injunction (Dkt. No. 22) claiming that employees at ROSP are denying him legal copies, notary services and unobstructed law library access required to litigate his pending court cases. To establish a violation of his constitutional

right to access the courts, Via must show "actual injury" defined as "actual prejudice with respect to contemplated or existing litigation, such as an inability to meet a filing deadline or present a claim." Lewis v. Casey, 518 U.S. 343, 348 (1996) (citation and internal quotations omitted); see also Cochran v. Morris, 73 F.3d 1310, 1316 (4th Cir. 1996) ("In making [a claim that prison officials infringed his right of access to the court] a prisoner cannot rely on conclusory allegations."), citing White v. White, 886 F.2d 721, 723-24 (4th Cir. 1989). Via does not allege that he has suffered any actual injury, such as missing a particular court deadline, as a result of defendants' alleged conduct. At most, he speculates to some possible, non-specific, future injury. Because Via has not established a clear likelihood of success on the merits of his access claim at trial, he cannot satisfy all four prongs of the Winter test and he is not entitled to a preliminary injunction. Therefore, the court will deny the Via's motion for a preliminary injunction ordering that employees at ROSP provide him with legal copies, notary services and unobstructed access to the law library.

The Clerk will send a copy of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendants.

ENTER: This 21st day of June, 2011.

_____
United States District Judge